Opinion issued May 12, 2003










In The

Court of Appeals

For the

First District of Texas

____________


NO. 01-03-00333-CV

____________


IN RE CHARLES G. REDDICK, Relator






Original Proceeding on Petition for Writ of Mandamus






MEMORANDUM OPINION Relator Charles G. Reddick has filed a petition for a writ of mandamus
complaining of Judge York's (1) order declining Reddick's request for habeas-corpus
relief.

 On March 14, 2001, Latashia Ann Bryant gave birth to a boy and a girl. On
March 23, 2001, the 387th District Court of Fort Bend County terminated Bryant's
and her husband's parental rights to the children. After the termination, the real
parties in interest, Terry Wayne Knighton and Leigh Maret, moved to Utah with the
boy. On June 21, 2001, Reddick filed a paternity petition in the 246th District Court
of Harris County. On June 26, 2001, the 246th District Court signed a paternity
decree recognizing Reddick as the children's father. The paternity decree did not
mention that Knighton and Maret had possession of the boy. On July 5, 2001,
Knighton and Maret commenced an adoption proceeding for the boy in Utah. There
is no evidence in the mandamus record that Knighton and Maret were aware of
Reddick's paternity action, although there is evidence that Reddick knew Knighton
and Maret had possession of the boy and were in the process of adopting him. On
October 15, 2002, Reddick file a petition for a writ of habeas corpus in the 246th
District Court, which contained an affidavit that did not mention the Utah adoption
proceeding. On October 17, 2001, an adoption decree was signed in Utah.

 Judge York declined to grant habeas-corpus relief based on the best interest of
the child. The judge stated at the hearing, "I do not find that it's in the best interest
of the child that the Habeas be issued due to the undoubted bonding that's occurred
[with Knighton and Maret]. . . . Habeas is not appropriate because of the best interest
issue because the child has been with them. So, I would like a full scale adversarial
custody hearing considering the best interest of the child as to where to live . . . ."

 We deny the petition for writ of mandamus.


PER CURIAM

Panel consists of Justice Hedges, Jennings, and Alcala.
1. 
 -